UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMAL COX,

                              Plaintiff,

                                                                      Case # 13-CV-6497-FPG

v.

                                                                          DECISION AND ORDER

T. SMITH et al.,

                              Defendants.
_____

On January 27, 2017, *pro se* Plaintiff Jamal Cox ("Plaintiff") filed a Motion to Appoint Counsel. ECF No. 38. Plaintiff asserts that the Court should appoint him counsel because he cannot afford to investigate the facts of his case and because "this case requires [him] to know very complex legal issues that [he] is not able to handle []or understand completely." *Id.* at 1.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just

determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted. The claims presented in this case revolve around a single use of force incident and are not complex. Plaintiff's submissions are articulate and it appears he is able to adequately present his own claims. Additionally, there are no special reasons that would favor the appointment of counsel.

Accordingly, Plaintiff's Motion to Apppoint Counsel (ECF No. 38) is DENIED. It is Plaintiff's responsibility to either retain counsel or continue with this action *pro se*.

IT IS SO ORDERED.

Dated: February 2, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court